IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| REGINALD DWIGHT and MICHAEL SUMMEROW and all others similarly situated in the State of Tennessee who have or had a Tennessee Pawn or Title Pledge Loan with the Defendant and have made payments of interest in excess of 2% per month on any loan and/or fees in excess to that which was allowable under T.C.A. §45-6-210 and T.C.A. §45-15-111 within the year preceding the filing of this Complaint, <br><br> Plaintiffs <br><br> vs. <br><br> TITLEMAX OF TENNESSEE, INC., <br><br> Defendant | No. 04C1289 <br><br> Division _____ <br><br> JURY DEMAND |

## COMPLAINT

Comes now the plaintiffs, by and through counsel, individually and on behalf of all other similarly situated in the State of Tennessee who have or had a title pledge or pawn loan with the defendant and have made payments of interest and/or fees within the year preceding the filing of this Complaint (the "Applicable Period") and for their complaint would state as follows:

I.

### PARTIES

The plaintiffs, Reginald Dwight and Michael Summerow, are residents and citizens of Chattanooga, Hamilton County, Tennessee. Class plaintiffs are all individuals who were customers and borrowers from the defendant, TitleMax of Tennessee, Inc. within the year

preceding the filing of this Complaint who have been charged interest in excess of the statutory maximums and/or have been charged fees in excess to that which was and is allowable under the Tennessee Title Pledge Act and/or Tennessee Pawnbrokers Act.

II.

The defendant, TitleMax of Tennessee, Inc., is a Tennessee corporation with offices across the State of Tennessee which has a principal place of business located at 24 Drayton Street, Suite 610, Savannah, Georgia 31401 and whose registered agent is Michael N. St. Charles, 1000 Tallan Building, Two Union Square, Chattanooga, Tennessee 37402. The defendant maintains offices and actively does business in Hamilton County, Tennessee.

III.

## CLASS ACTION ALLEGATIONS

The plaintiffs in this matter seek certification of class action against the defendant for amounts charged during the Applicable Period to the plaintiffs by the defendant in excess of the statutory maximum interest rate and those amounts charged in excess of fees allowable pursuant to the Tennessee Title Pledge Act and/or Tennessee Pawnbrokers Act.

IV.

The class is so numerous that joinder of all members is impracticable. This defendant has numerous offices across the State of Tennessee. It is believed that class plaintiffs number in the thousands and are spread across the State of Tennessee and around its borders.

V.

There are questions of law and fact common to the class. The defendant charged interest and fees to plaintiffs in excess of that allowable for a title pledge or pawn loan under the Tennessee Title Pledge Act and/or Tennessee Pawnbrokers Act

VI.

The claims of the representative party are identical to the claims of each member of the class and are based on and arise out of similar facts constituting the wrongful conduct of the defendant.

VII.

The representative plaintiffs will fairly and adequately protect the interests of the class. The claims of the representative plaintiffs are the same as those of all other proposed class members. The only differences in the claims would be the relative amounts.

VIII.

The prosecution of separate actions by individual members of the class will create a risk of inconsistent adjudications with respect to individual members of the class.

IX.

The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members which would, as a practicable matter, be dispositive of the interest of the other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

X.

The class action is far superior to any other available method of the fair and efficient adjudication of this controversy.

XI.

There will be no difficulty in management of this case as a class action as we should be dealing with names and identities of plaintiff class members to which the defendant is required to retain by law. In addition, there is only one defendant from which to inspect the books to determine interest and fees charged to the plaintiff class.

XII.

The plaintiffs assert that, other than the amount of the loans, the respective amounts of interest and fees paid, the proof, objectives, legal and factual positions will be essentially identical from plaintiff to plaintiff and class member to class member.

WHEREFORE, plaintiffs represent that class certification is necessary and proper under Rule 23 of the Tennessee Rules of Procedure and request this Honorable Court to grant class certification.

XIII.

## FACTS

For the year prior to the filing of this Complaint, the defendant had charged interest and fees to the named plaintiffs, Reginald Dwight and Michael Summerow, in excess of that allowable by the Tennessee Title Pledge Loan Act and/or the Tennessee Pawnbrokers Act as reflected by the customer receipts attached hereto as Collective "A." Named plaintiffs have paid interest and fees as charged by the defendant. The named plaintiffs' loan was renewed monthly during the Applicable Period and was charged an interest rate of 9.99% per month. In addition, the named plaintiffs were charged, and paid, fees in excess of that which is allowable and customary under the Tennessee Title Pledge Loan Act and/or the Tennessee Pawnbrokers Act.

XIV.

Class plaintiffs are all customers and borrowers of the defendant within the Applicable Period who were charged interest in excess of the statutory maximum of 2% per month and/or charged fees in excess of that allowable under the two Acts.

XV.

**TENNESSEE TITLE PLEDGE ACT**

Plaintiffs incorporate paragraphs I through XIV as if fully set out herein.

XVI.

The defendant, Title Max of Tennessee, Inc., charged the named plaintiffs and class plaintiffs interest in excess of the maximum stated in T.C.A. §45-15-111 by charging an interest rate in excess of the statutory 2% per month and have charged the plaintiffs fees in excess of that which is allowed under the Acts. Plaintiffs were forced to pay said sums to the defendant. Fees must bear some reasonable and/or customary relation to actual services under the Acts. The plaintiffs allege that the defendant was and is guilty of unconscionable conduct by contracting, charging and taking interest, loan charges, commitment fees, or brokerage commissions in excess of the limitations fixed by statute whereby the plaintiffs request the damages applicable under the Tennessee Title Pledge Loan Act including refund to the plaintiffs of any loan charges, commitment fees, or brokerage commissions, and twice the amount of any interest collected with respect to each transaction as well as attorney's fees and costs as well as any other damages allowable under the said statute.

XVII.

**TENNESSEE PAWNBROKERS ACT**

-5-

Plaintiffs incorporate paragraphs I through XVI as if fully set out herein.

XVIII.

The defendant, TitleMax of Tennessee, Inc., charged the named plaintiffs and class plaintiffs interest in excess of the maximum stated in the Tennessee Pawnbrokers Act, specifically T.C.A. §45-2-210, by charging an interest rate in excess of the statutory 2% per month and have charged the plaintiffs fees in excess of that which is allowed under the Acts. Plaintiffs were forced to pay said sums to the defendant. Fees must bear some reasonable and/or customary relation to actual services under the Acts. The plaintiffs allege that the defendant was and is guilty of unconscionable conduct by contracting, charging and taking interest, loan charges, commitment fees, or brokerage commissions in excess of the limitations fixed by statute whereby the plaintiffs request the damages applicable under the Tennessee Pawnbroker Act including refund to the plaintiffs of any loan charges, commitment fees, or brokerage commissions, and interest collected with respect to each transaction to which the defendant in not entitled, attorney's fees and costs as well as any other damages allowable under the said statute

XIX.

## TENNESSEE CONSUMER PROTECTION ACT

Plaintiffs incorporate paragraphs I through XVIII as if fully set out herein.

XX.

The defendant, during the Applicable Period, engaged in acts of charging interest in excess of the statutory maximum and fees to which there were no reasonable and/or customary relation to the actual cost of the services performed. The defendant represented such interest as a lawful interest and said fees as a lawful amount of fees to the plaintiffs. The defendants' actions

in such misrepresentations were deceptive to the plaintiffs to which the plaintiffs reasonably relied and caused damage to the plaintiffs in violation of the Tennessee Consumer Protection Act, T.C.A. §47-18-101, et seq.

XXI.

Plaintiffs seek an award of damages against the defendant allowable under the Tennessee Consumer Protection Act, T.C.A. §47-18-101, et seq.

XXII.

PUNITIVE DAMAGES

Plaintiffs incorporate paragraphs I through XXI above by reference as if the same were stated verbatim herein.

XXIII.

The actions of the Defendants show willful misconduct, malice, fraud, wantonness, oppression and entire want of care that raises a presumption of conscious indifference to consequences.

XXIV.

As a result of the Defendants actions, Plaintiff is entitled to an award of punitive damages to punish, penalize and deter the Defendants.

WHEREFORE, Plaintiffs pray:

(A) That Defendants be served as provided by law;

(B) That a jury be impaneled to try the issues formed herein;

(C) That the Court grant class status to the class outlined above;

(D) That Plaintiffs be awarded reasonable compensation for all of damages to which he/they may be entitled, including attorneys fees, costs and interest, the full amount thereof to be plead by amendment after further discovery and a determination of a fair and reasonable amount;

(E) That Plaintiff be awarded a reasonable sum as punitive damages, the full amount thereof to be plead by amendment after further discovery and a determination of a fair and reasonable amount;

(F) That Plaintiff be awarded all other and further relief as may be deemed just and equitable.

Respectfully submitted,

McMAHAN LAW FIRM

By _____
James R. Kennamer #16172
Attorney for the Plaintiff
323 High Street
Chattanooga, TN 37403
(423) 265-1100

# Customer Receipt





**PAYMENT INFORMATION**

RECEIPT NUMBER: 110355

PAYMENT MADE TO:
TITLEMAX OF CHATTANOOGA 1
6215 LEE HWY SUITE A
CHATTANOOGA, TENNESSEE 37421
(423) 553-0055

PAYMENT MADE BY:
MICHAEL SUMMEROW
1025 PEACHTREE STREET
CHATTANOOGA, TENNESSEE 37404
(423) 629-1426

| DATE/TIME OF RECEIPT | PAYMENT DUE DATE | ACCOUNT NUMBER | ORIGINAL ACCOUNT NUMBER |
|---|---|---|---|
| 2/20/2004 | 01/22/2004 | 275422 | 205858 |

| PAYMENT TYPE | AGENT RECEIVING PAYMENT | PAYMENT DATE |
|---|---|---|
| CASH | deston.everette | 02/20/2004 |

**TODAY'S PAYMENT DETAILS**

- PRINCIPAL PAID: $0.00
- INTEREST PAID: $200.21
- (CHARGES): $299.79
- TOTAL PAID: $500.00

**NEXT PAYMENT INFORMATION**

- PRINCIPAL DUE: $2,004.08
- INTEREST DUE: $200.21
- TOTAL AMOUNT DUE: $2,204.29
- INTEREST DUE ON: 03/21/04

TEMPORARY MESSAGE 1
TEMPORARY MESSAGE 2

You are only required to pay the Interest Due amount in order to extend or renew the Pawn Contract. Your next payment due date is indicated above in the Interest Due Date block. The length of your Pawn Contract is 30 days and can only be renewed or extended with the agreement of both parties and only for 30 day incremental periods.

By signing below, the customer acknowledges that payment information above is accurate and that any amount shown in the Interest Due block above must be paid in 30 days.

_____
CUSTOMER SIGNATURE

EXHIBIT A

# Customer Receipt



**RECEIPT NUMBER:** 144401

**PAYMENT INFORMATION**

| PAYMENT MADE TO | PAYMENT MADE BY |
|---|---|
| TITLEMAX OF CHATTANOOGA 1<br>6215 LEE HWY SUITE A<br>CHATTANOOGA, TN 37421<br>(423) 553-0055 | MICHAEL SUMMEROW<br>1025 PEACHTREE STREET<br>CHATTANOOGA, TN 37404<br>(423) 629-1426 |

| DATE/TIME OF RECEIPT | PAYMENT DUE DATE | ACCOUNT NUMBER | ORIGINAL ACCOUNT NUMBER |
|---|---|---|---|
| 3/22/2004 | 03/21/2004 | 316946 | 275422 |

| PAYMENT TYPE | AGENT RECEIVING PAYMENT | PAYMENT DATE |
|---|---|---|
| CASH | corey | 03/22/2004 |

**TODAY'S PAYMENT DETAILS**

| PRINCIPAL PAID | $0.00 |
| INTEREST PAID | $200.21 |
| CHARGES PAID | $6.67 |
| TOTAL PAID TODAY | $206.88 |

**NEXT PAYMENT INFORMATION**

| PRINCIPAL DUE | $2,004.08 |
| INTEREST DUE | $200.21 |
| TOTAL AMOUNT DUE | $2,204.29 |
| INTEREST DUE ON | 04/21/04 |

TEMPORARY MESSAGE 1
TEMPORARY MESSAGE 2

You are only required to pay the Interest Due amount in order to extend or renew the Pawn Contract. Your next payment due date is indicated above in the Interest Due Date block. The length of your Pawn Contract is 30 days and can only be renewed or extended with the agreement of both parties and only for 30 day incremental periods.

By signing below, the customer acknowledges that payment information above is accurate and that any amount shown in the Interest Due block above must be paid in 30 days.

_____
CUSTOMER SIGNATURE

# Customer Receipt



| PAYMENT INFORMATION | | | RECEIPT NUMBER 185968 |
|---|---|---|---|
| PAYMENT MADE TO<br>TITLEMAX OF CHATTANOOGA 1<br>6215 LEE HWY SUITE A<br>CHATTANOOGA, TN 37421<br>(423) 553-0055 | | PAYMENT MADE BY<br>MICHAEL SUMMEROW<br>1025 PEACHTREE STREET<br>CHATTANOOGA, TN 37404<br>(423) 629-1426 | |
| DATE/TIME OF RECEIPT<br>4/22/2004 | PAYMENT DUE DATE<br>04/21/2004 | ACCOUNT NUMBER<br>368589 | ORIGINAL ACCOUNT NUMBER<br>316946 |
| PAYMENT TYPE<br>CASH | AGENT RECEIVING PAYMENT<br>corey | PAYMENT DATE<br>04/22/2004 | |

**TODAY'S PAYMENT DETAILS**

PRINCIPAL PAID: $0.00
INTEREST PAID: [illegible]
CHARGES PAID: [illegible]

**NEXT PAYMENT INFORMATION**

PRINCIPAL DUE: $2,004.08
INTEREST DUE: [illegible]
TOTAL AMOUNT DUE: $2,204.29

TEMPORARY MESSAGE 1
TEMPORARY MESSAGE 2

You are only required to pay the Interest Due amount in order to extend or renew the Pawn Contract. Your next payment due date is indicated above in the Interest Due Date block. The length of your Pawn Contract is 30 days and can only be renewed or extended with the agreement of both parties and only for 30 day incremental periods.

By signing below, the customer acknowledges that payment information above is accurate and that any amount shown in the Interest Due block above must be paid in 30 days.

_____
CUSTOMER SIGNATURE