UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| REGINALD DWIGHT and MICHAEL ) <br> SUMMEROW and all others similarly ) <br> situated who have or had a Title Pledge Loan ) <br> with the defendant and have made payments of ) <br> interest and/or fees within the year preceding ) <br> the filing of this Complaint and thereafter, ) <br> et al., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> TITLEMAX OF TENNESSEE, INC., ) <br> ) <br> Defendant. ) | No. 1:09-CV-267 <br><br> Chief Judge Curtis L. Collier |

### MEMORANDUM

Before the Court is a motion to transfer venue filed by Defendant Titlemax of Tennessee, Inc. ("Defendant") requesting the Court transfer this matter to the United States Bankruptcy Court for the Southern District of Georgia (Court File No. 7). Plaintiffs Reginald Dwight and Michael Summerow and others similarly situated ("Plaintiffs") did not respond to this motion but instead filed a motion to remand the action to state court (Court File No. 9), to which Defendant responded (Court File No. 10). The Court has considered both motions and parties' supporting documentation (Court File Nos. 7, 8, 9, 10). For the following reasons, the Court will **GRANT** Defendant's motion to transfer venue (Court File No. 7) and will **DENY** Plaintiff's motion to remand (Court File No. 9).

I.     **RELEVANT FACTS**

Plaintiffs initiated a state action against Defendant in August 2004 seeking damages under the Tennessee Title Pledge Act (Tenn. Code Ann. § 45-15-111), the Tennessee Pawn Brokers Act (specifically Tenn. Code Ann. § 45-2-210), and the Tennessee Consumer Protection Act (Tenn. Code Ann. §§ 47-18-101, *et seq.*), as well as punitive damages based on Defendant charging interest in excess of the maximum statutory rate (*Dwight, et al. v. Titlemax of Tennessee, Inc.*, 04C1289 (Cir. Ct. Hamilton Cty Tenn.) ("State Action")). Through the course of the litigation, Plaintiffs were granted class action certification and many of the original claims were eliminated. Plaintiffs appealed the issue of whether the Tennessee Title Pledge Act created a "private right of action" and on December 9, 2008, moved to stay the state action pending resolution of the issue on appeal (State Action, Docket No. 60).

On April 20, 2009, Defendant, its parent TitleMax Holdings, LLC, and several affiliates filed voluntary petitions for relief under Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Georgia, where the cases are being jointly administered (*In re Titlemax Holdings, LLC*, 09-40805 (Bankr. S.D. Ga. Aug. 14, 2009)). Defendant filed a notice of filing of bankruptcy in the state action (State Action, Docket No. 61) and subsequently filed a notice of removal pursuant to 28 U.S.C. §§ 1334, 1446, 1452, and 157(e) with this Court (Court File No. 1). Plaintiffs filed a claim on behalf of the asserted class against the bankruptcy estate in October 2009 (Court File No. 10-1).

Defendant seeks to transfer this matter to the United States District Court for the Southern District of Georgia so it may be appropriately handled as an adversary proceeding in the bankruptcy court. Plaintiff moves to remand the action to state court arguing removal was improper due to restraints under the Federal Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453.

## II.  TRANSFER OF VENUE

Defendant contends this matter should be transferred to the United States Bankruptcy Court for the Southern District of Georgia in the interest of justice so it may be resolved in conjunction with the bankruptcy case. Defendant further asserts this case is related to the bankruptcy actions as "its outcome could alter [Defendant's] rights, liabilities, or freedom of action and could impact the handling and administration of the bankruptcy estate" (Court File No. 10, p. 2)(citing *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996)).

Federal district courts have original jurisdiction over all civil proceedings "arising in or related to cases under title 11" of the United States Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may, however, automatically refer such cases to the bankruptcy courts of the district. 28 U.S.C. § 157(a). A transfer is appropriate for a "case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 *See also Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007) (applying § 1412 only to properly venued cases). The burden of proof is on the party moving to transfer the proceeding. *Things Remembered, Inc. v. BGTV, Inc.*, 151 B.R. 827, 832-33 (Bankr. N.D. Ohio 1993). There is a strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending. *See In re Vital Link Lodi, Inc.*, 240 B.R. 15, 19 (Bankr. W.D.Mo. 1999) ("The general rule is that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction . . . . Accordingly, there is a strong presumption in favor of placing venue in the district where the bankruptcy case is pending."); *MD Acquisition, LLC v. Myers*, No. 2:08cv494, 2009WL466383 at * 4 (S.D. Ohio Feb. 23, 2009).

A decision to transfer venue under 28 U.S.C. § 1412 lies within the sound discretion of the

district court and is based on the interest of justice or the convenience of the parties. *In re Hechinger Inv. Co. of Del., Inc.*, 288 B.R. 398, 402 (D. Del. 2003). The considerations of § 1412 are disjunctive and transfer is appropriate even if only one is met. *Things Remembered*, 151 B.R. at 832-33. In determining the propriety of a transfer, courts consider a number of factors, including:

> The district in which the bankruptcy case is pending is presumed to be the appropriate venue to preside over proceedings in the bankruptcy case . . . . 1. The proximity of creditors of every kind to the court; 2. The proximity of the debtor to the court; 3. The proximity of the witnesses necessary to the administration of the estate; 4. The location of the assets; and 5. The economical and efficient administration of the estate.

*Dunlap, et al. v. Friedman's*, 331 B.R. 674, 680 (S.D. W.Va. 2005); *see also In re AG Indus., Inc.*, 279 B.R.534, 540 (Bankr. S.D. Ohio 2002) ("In deciding whether to transfer the case to the home bankruptcy court or remand," the court should consider "equitable factors such as judicial economy, convenience to the parties, the extent to which state law issues are involved, the expertise of a particular court and where the interests of justice lie."); *In re Rivas*, 08-12333, 2009WL3493597 at * 3 (Bankr. E.D. Tenn. Oct. 27, 2009) (citing similar factors for consideration).

This Court, having considered the above-referenced factors, finds Defendant has met the burden of establishing that a transfer is in the interest of justice. The proximity of creditors support a transfer to the Southern District of Georgia. Of TitleMax Holdings, LLC's (the parent entity) thirty largest creditors (collectively owed $2,364,370.63), half are located in Georgia and only one is located in Tennessee (owed $11,242.46). Title Max's corporate headquarters is located in Savannah, Georgia, where many witnesses will likely be used, as this action stems from corporate decision-making and procedures. Thus, both witness and debtor proximity also weigh in favor of a transfer. In addition, the majority of TitleMax Holdings, LLC's assets are located in and around Georgia, with the largest portion of its accounts receivable generated in Georgia. The proximity

4

factors and location of assets all weigh in favor of a transfer. *See Friedman's*, 331 B.R. at 681 (finding similar factors as weighing significantly in favor of transfer).

Transferring this action promotes "the economic and efficient administration of the estate," the most important factor to consider. *Haworth, Inc. v. Sunarhauserman, Ltd./Sunarhauserman Lte*, 131 B.R. 359, 362 (Bankr. W.D. Mich. 1991). Plaintiffs have filed a claim against the estate on behalf of the asserted class (Court File No. 10-1) and have thus submitted to the jurisdiction of the bankruptcy court in the Southern District of Georgia for the allowance or disallowance of their claim. *Langenkamp v. Culp*, 498 U.S. 42. 44 (1990). Defendant and its parent company's assets are currently being administered in ongoing proceedings in the Southern District of Georgia. As potential creditors of Defendant due to the nature of claims asserted, Plaintiffs' cause of action relates to the bankruptcy proceedings. The outcome of the instant litigation could affect Defendant's liabilities as well as the administration of the estate. It follows that judicial economy and efficiency are best served by transferring this action to the court where the bankruptcy case is already pending.

Accordingly, the Court concludes a transfer to the United States Bankruptcy Court for the Southern District of Georgia is in the interest of justice and will therefore grant Defendant's motion.

### III. <u>MOTION TO REMAND</u>

Plaintiff moves to remand this action to state court based on Defendant's improper removal under 28 U.S.C. § 1441(a). Because the amount in controversy is less than $ 5,000,000.00, Plaintiff argues the state court class action could not have originally been brought in this Court under the Federal Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). Plaintiff's argument is in error as Defendant removed the action based on its pending bankruptcy case under the provisions

5

of 28 U.S.C. §§ 1334(b), 1452(a). Pursuant to § 1452(a), a defendant may remove a claim related to a bankruptcy case to the district court for the district where such civil action is pending, if the court has jurisdiction under § 1334. Jurisdiction in this Court is proper under 28 U.S.C. § 1334(b), without regard to the underlying class action, as a proceeding "related to cases under title 11."

The Court finds this action was properly removed, and should be transferred to the United States Bankruptcy Court for the Southern District of Georgia. Therefore, the Court will deny Plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion to remand (Court File No. 9), **GRANT** Defendant's motion (Court File No. 7) and will **TRANSFER** this case to the United States Bankruptcy Court for the Southern District of Georgia.
.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**